UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
-----------------------------------------------------------------------------X
Keren Lugasi,

                Plaintiff,                              Civil Action No.:_____

      v.

Midland Credit Management, Inc.,                    **COMPLAINT AND DEMAND**
                                                                        **FOR TRIAL BY JURY**
              Defendant.
-----------------------------------------------------------------------------X

    Plaintiff Keren Lugasi ("Plaintiff" or "Lugasi"), by and through its attorneys, FREDRICK SCHULMAN & ASSOCIATES, as and for her Complaint against the Defendant Midland Credit Management, Inc., ("Defendant" or "MIDLAND"), respectfully sets forth, complains and alleges, upon information and belief, the following:

## PRELIMINARY STATEMENT

1. Plaintiff brings this action for damages and declaratory and injunctive relief arising from the Defendant's violation(s) of §1692 et. Seq. of Title 15 of the United States Code, commonly referred to as the Fair Debt Collections Practices Act ("FDCPA"). Declaratory relief is available pursuant to 28 U.S.C § 2201, §2202

## PARTIES

2. Plaintiff is a resident of the State of Florida, County of Broward, residing at 3755 SW 50th Street, Fort Lauderdale, Florida 33312.

3. Defendant is a foreign corporation with its principal place of business at 8875 Aero Drive, Suite 200, San Diego, California 92123 and, upon information and belief, is licensed to do business in the State of Florida.

4. MIDLAND is a "debt collector" as the phrase is defined and used in the FDCPA.

## JURISDICTION AND VENUE

5. The Court has jurisdiction over this matter pursuant to 28 USC Sec. 1331, as well as 15 USC Sec. 1692 et. seq. and 28 U.S.C. Sec. 2201. If applicable, the Court also has pendant jurisdiction over the State law claims in this action pursuant to 28 U.S.C. Sec. 1367 (a).

6. Venue is proper in this judicial district pursuant to 28 U.S.C. Sec. 1391 (b)(2).

## FACTUAL ALLEGATIONS

7. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "6" herein with the same force and effect as if the same were set forth at length herein.

8. Sometime prior to February 9, 2012, non-party Midland Funding LLC became the owner of an alleged debt owed by Plaintiff to non-party T-Mobile (hereinafter the "T-Mobile obligation")

9. The T-Mobile Obligation arose out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes.

10. Defendant contends that the T- Mobile Obligation is in default.

11. The alleged T-Mobile Obligation is a "debt" as defined by 15 U.S.C § 1692 a(5).

12. Lugasi is, at all times relevant to this lawsuit, a "consumer" as that term is defined by 15 U.S.C §1692a (3).

13. Plaintiff is informed, through correspondence from Defendant, that non-party Midland Funding LLC became the purchaser of the T- Mobile Obligation.

14. Upon information and belief, Midland Credit Management, Inc., Defendant herein is a "debt collection company" and, in that capacity, it regularly collects and attempts to collect, debts incurred, or alleged to have been incurred, for personal, family, or household purposes on behalf of creditors using the United States postal system, telephone and Internet.

15. Defendant is, at all times relevant to this complaint, a "debt collector" as defined by 15 U.S.C. §1692a (6).

16. In an attempt to collect the T-Mobile Obligation, Defendant sent Plaintiff a letter dated February 9, 2012. A redacted copy of the February 9, 2012 letter (hereinafter, the "Letter") is attached hereto as Exhibit A.

17. In the Letter, the Defendant informed the Plaintiff, among other things, that it is the new servicer of the T-Mobile Obligation.

18. Defendant went on to state in the Letter that the communication was <u>not</u> an attempt to collect a debt. Yet the Letter went on to state that no collection activity will occur within thirty (30) days.

19. However, the Letter included the amount of the debt and the name of the original creditor. Such items are required under the FDCPA's written notice requirements. This confused the Plaintiff as to whether the Letter was a debt collection attempt, and further confused Plaintiff about her validation rights.

20. Furthermore, the Letter failed to send to the Plaintiff a "30 day validation notice" stating the Plaintiff's right to dispute the debt the debt within (30) days as mandated by 15 U.S.C. §1692g (a).

21. Defendant did not send any additional collection letters with a 30-day notice in further violation of 15 U.S.C. §1692g(a).

22. As a result of Defendant's deceptive, misleading and unfair debt collection practices, Plaintiff has been damaged.

23. The actions of Defendant constitute a violation of the FDCPA and Plaintiff is entitled to an award of statutory damages in the maximum sum of $1,000, plus reasonable attorney fees and costs.

### FIRST CAUSE OF ACTION
#### (Violations of the FDCPA)

24. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "23" herein with the same force and effect as if the same were set forth at length herein.

25. Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violate various provisions of the FDCPA, including but not limited to 15 USC §1692g (a).

26. As a result of Defendant's violations of the FDCPA, Plaintiff has been damaged and is entitled to damages in accordance with the FDCPA.

## DEMAND FOR TRIAL BY JURY

27. Plaintiff demands and hereby respectfully requests a trial by jury for all claims and issues this complaint to which plaintiff is or may be entitled to a jury trial.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Keren Lugasi demands judgment from the Defendant Midland Credit Management, Inc. as follows:

A. For statutory damages provided and pursuant to 15 USC Sec.1692k(2)(A):

B. For attorneys' fees and costs provided and pursuant to 15 USC Sec. 1692k(a)(3);

C. A declaration that the Defendants' practices violated the FDCPA; and,

D. For any such other and further relief, as well as further costs, expenses and disbursements of this action, as this Court may deem just and proper.

Dated: New York, New York
February 6, 2012

Respectfully submitted,

By: s/Jerald Alan Belofsky
JERALD ALAN BELOFSKY
FREDRICK SCHULMAN & ASSOCIATES
Attorneys at Law
Attorney for Plaintiff
30 East 29TH Street
New York, New York 10016
(212) 796-6053